UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID T. JACKSON,

    Plaintiff,

v.

CITY OF DETROIT,
BRADLEY CLARK, et al.,

    Defendants.
_____/

Case No. 18-14009

HON. DENISE PAGE HOOD

### ORDER DENYING PLAINTIFF'S MOTION FOR ORDER STRIKING UNTIMELY FILED ANSWER BY DEFENDANT BRADLEY CLARK [Dkt. No. 14] and GRANTING DEFENDANT BRADLEY CLARK'S MOTION TO SET ASIDE ENTRY OF DEFAULT [Dkt. No. 18]

**I.    INTRODUCTION**

Plaintiff filed this cause of action in Wayne County Circuit Court on or about October 26, 2018, alleging that Defendants wrongfully arrested him on a warrant procured on false pretenses. Plaintiff claims that his civil rights pursuant to 42 U.S.C. § 1983 were violated and Defendants are liable to him for malicious prosecution, false arrest, false imprisonment, and gross negligence. On December 21, 2018, Defendant City of Detroit removed the case to this Court. Defendant Bradley Clark ("Clark") was served with a copy of the summons and complaint on December 17, 2018, and his answer was due on January 7, 2019. When Clark had not filed an answer to the

1

complaint by January 24, 2019, Plaintiff requested that the Clerk of the Court enter a default against Clark. On January 25, 2019, a Clerk's Entry of Default was filed against Clark. On February 6, 2019, Clark filed an answer to the complaint. On February 7, 2019, Plaintiff filed a Motion to Strike Clark's Answer to the Complaint ("Motion to Strike"). [Dkt. No. 14] On February 27, 2019, Clark filed a Motion to Set Aside Entry of Default Against Defendant Clark ("Motion to Set Aside Default"). [Dkt. No. 18] Plaintiff timely filed a response to the Motion to Set Aside Default. For the reasons that follow, Plaintiff's Motion to Strike is denied and Clark's Motion to Set Aside is granted.

## II. LEGAL STANDARD

Pursuant to Federal Rules of Civil Procedure 55(c), an entry of default may be set aside only upon the showing of: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from judgment. *See also Burrell v. Henderson*, 434 F.3d 826 (6th Cir. 2006); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983).

As set forth in *United Coin*, the Court also must determine that good cause exists for setting aside default judgment by assessing whether: (a) the plaintiff will be

prejudiced; (b) the defendant has a meritorious defense; and (c) willful or culpable conduct of the defendant led to the default. *Id.* at 845; *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). As the entry of default is a harsh sanction, "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin*, 705 F.2d at 846; *Shepard*, 796 F.2d 193 (there is a strong preference for deciding cases on the merit rather than by default).

### III. ANALYSIS

#### A. Motion to Strike Answer

Plaintiff seeks to have Clark's answer stricken because it was not timely filed. Plaintiff cited no case law to support its Motion to Strike. The Sixth Circuit has recognized that an answer may be treated as a motion to set aside entry of default, and the Sixth Circuit has at least twice denied a plaintiff's motion to strike an answer filed after a clerk's entry of default had been entered. *See United Coin*, 705 F.2d at 844; *Shepard Claims*, 796 F.2d at 194. In reviewing those cases, as well as a case from the Eastern District of Michigan, *Brothers Gas and Food v. Catlin Specialty Ins. Co.*, No. 13-13061, 2014 WL 106783 (E.D. Mich. Jan. 10, 2014), the Court finds no reason to strike Clark's Answer. Plaintiff's Motion to Strike is denied.

#### B. Motion to Set Aside Default

Clark contends that there is good cause to set aside the clerk's entry of default against him. Clark represents that he was served on December 17, 2018, the day he got home from a 12-day hospital stay for what appears to have included a surgery. Dkt. No. 18, Ex. B and C. Pursuant to the hospital discharge instructions, Clark was not permitted to drive until he was cleared by a physician. *Id.* at Ex. C at PgID 141. Clark does not state when he was cleared to drive or when he contacted legal counsel. Clark's answer was filed on February 6, 2019, 30 days after it was due. Clark claims he has a meritorious defense to the lawsuit, as his only involvement in the underlying criminal prosecution was "making a probable cause arrest of" Plaintiff. Clark asserts that Plaintiff will not be prejudiced if the clerk's entry of default is set aside because: (1) not all Defendants have been served; (2) discovery has not commenced; and (3) the scheduling conference is not until March 25, 2019.

Plaintiff contends that Clark has not set forth good cause for his delay in filing an answer. Plaintiff notes that Clark was out of the hospital at the time he was served, so the hospital stay did not interfere with Clark's ability to respond to the complaint. Plaintiff asserts that Clark has not indicated how long he could not drive or why that status precluded Clark from filing a response by January 7, 2019, nor has Clark stated when he talked to counsel. Plaintiff argues that two other Defendants, each of whom was served after Clark and is represented by the same legal counsel as Clark, filed

answers on January 9, 2019. Plaintiff argues that "Clark and members of the home invasion task force have no meritorious defense," as there was no probable cause to arrest Plaintiff because Plaintiff did not have the descriptive characteristics of the suspect for whom they were looking (including not having a pierced ear, even though the victim insisted that the suspect had an earring).

In assessing this matter under the standard set forth in *Shepard Claims*, the Court concludes that the entry of default should be set aside. First, Plaintiff will not be prejudiced by setting aside the entry of default. This case was removed to this Court only three months ago, and Plaintiff does not mention how he would be prejudiced if the entry of default is set aside. And, as Clark states, discovery has not begun and the scheduling conference has not been held.

Second, with respect to the assertion of a meritorious defense, the Sixth Circuit has stated:

> A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Williams* [*v. Meyer*], 346 F.3d [607,] 614 [(6th Cir. 2003)] (citation and quotation marks omitted) (emphasis in original). If a defense is "good at law," regardless of the likelihood of success, it will be considered meritorious. *Id*. (quoting *United Coin Meter*, 705 F.2d at 845).

*Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006). The only specific allegations against Clark in the complaint are that he was "part of the DPD Home

Invasion Task Force . . . [that] arrested Plaintiff, after procuring a warrant on false pretenses." Dkt. No. 1, Ex. 1 at ¶ 9 (PgID 5) (Clark is also mentioned, without greater detail in ¶¶ 52, 66). At this stage of the proceedings (where there are only unsupported pleadings), the Court finds that Clark's representation that he was only "making a probable cause arrest of" Plaintiff is a defense "good at law" and sufficient to establish a meritorious defense.

Third, although it is not clear exactly why Clark's Answer was not filed until a month after it was due, there is no evidence that any willful or culpable conduct led to the default. Clark was served on the day he got home from twelve days at the hospital, which was only days before the holidays, and he was unable to drive for a period of time.

In light of the foregoing and the *United Coin* and *Shepard Claims* courts' admonition that there is a strong preference for deciding cases on the merits rather than by default, the Court holds that Clark has established good cause for setting aside the entry of default. The Court grants Clark's Motion to Set Aside Default.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Strike [Dkt. No. 14] is **DENIED**.

IT IS FURTHER ORDERED that Clark's Motion to Set Aside Default [Dkt. No. 18] is **GRANTED**.

IT IS ORDERED.

                                                                         s/Denise Page Hood
                                                                         Chief Judge, U. S. District Court

DATED: March 19, 2019